UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:19-CR-095 |
| | ) |
| WILLIE JUSTIN TILSON | ) |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 31, 2020. At the hearing, the defendant entered a plea of guilty to Count One of the Indictment, that is, of knowingly or intentionally harboring or concealing a person from arrest, in violation of 18 U.S.C. § 1071, in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record, I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice. I further **RECOMMEND** defendant's plea of guilty to Count One of the Indictment, that is, of knowingly or intentionally harboring or concealing a person from arrest, in violation of 18

U.S.C. § 1071, be accepted; the Court adjudicate defendant guilty of Count One of the Indictment; and a decision on whether to accept the plea agreement be deferred until sentencing. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

C. Clifford Shirley,
United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the entry of this Report and Recommendation. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).